IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
              Plaintiff, )    1:16cv1429
)
    v. )
)
HIATT & MASON ENTERPRISES, INC. )
)
             Defendant. )
                                )

**CONSENT DECREE**

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Hiatt & Mason Enterprises, Inc. subjected Elijah P. Bowman to a hostile work environment because of his race (Black). Defendant Hiatt & Mason Enterprises, Inc. (the "Defendant") has denied all such allegations or liability in this matter, and specifically contends that Elijah P. Bowman was not discriminated against, subjected to a hostile work environment or otherwise harassed during his employment with same. The Commission does not disavow any of its allegations in this lawsuit, and specifically does not disavow that Elijah P. Bowman was discriminated

against, subjected to a hostile work environment or otherwise harassed during his employment with same.

The Commission and the Defendant hereby stipulate to jurisdiction of the court over the parties and agree that the subject matter of this action is properly before the court.

The parties have advised this court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation, and that this Consent Decree is being entered into as part of a compromise of a disputed claim.

It is therefore the finding of this court, made on the pleadings and the record as a whole, that: (1) the court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 19 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of race or any other protected category within the meaning of Title VII, and shall otherwise comply with Title VII, including but not limited to prohibiting racial harassment from

occurring in the workplace and taking prompt remedial action if any such harassment is ever found.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute.

3. Defendant shall pay Elijah P. Bowman the sum of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00), subject to an IRS Form 1099, in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to "Elijah P. Bowman." Payment shall be made within twenty (20) days after the court approves this Consent Decree, and Defendant shall mail the check to Elijah P. Bowman at an address provided by the Commission. Within ten (10) business days after the check has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Elijah P. Bowman. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Elijah P. Bowman may or may not incur on such payments under local, state and/or federal law.

4. Within ten (10) business days after the entry of this Consent Decree by the court, Defendant shall remove from the personnel file of Elijah P. Bowman any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 435-2016-00294 and the related events that occurred thereafter, including this litigation. Defendant shall keep any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 435-2016-00294 and the related events that occurred thereafter, including this litigation in a separate sealed folder that is only accessible to managers. Within fifteen (15) business days after the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Defendant shall provide Elijah P. Bowman with a letter of reference using the form attached hereto as Exhibit A. Within ten (10) business days after the entry of this Consent Decree by the court, the original, signed letter of reference shall be provided to Elijah P. Bowman at an address provided by the Commission. Elijah P. Bowman is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about Elijah P. Bowman from a potential

4

employer, it will provide only the information set forth in the letter of reference in response.

6. Within ninety (90) days after the entry of this Consent Decree by the court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against racial harassment; procedures for reporting any discrimination or harassment; a procedure for the thorough and prompt investigation of employee complaints of discrimination or harassment. The written anti-discrimination policy shall designate at least three alternative managers, including the President, to whom employees can report discrimination or harassment.

Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90-day time period. Within one hundred (100) days after the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

7. If a designated manager under Defendant's policy referenced in paragraph 6, other than the President, receives a

verbal employee complaint of discrimination or harassment, then the manager shall prepare a written statement of the complaint, including the date of the employee's complaint, and forward the manager's written statement to the President within one (1) business day of receipt of the complaint. If the designated manager receives a written complaint from the employee, the designated manager shall date and forward the employee's written complaint to the President within one (1) business day of receipt of the complaint.

8. After its adoption, and throughout the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 6 *supra*, in all of its facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Defendant shall also place a copy of the policy in each work van or pickup truck in a folder which has written on its front cover "Anti-Discrimination Policy" (hereafter the "Anti-Discrimination Policy folder"). The Anti-Discrimination Policy folder shall be stored in a place in each work van or truck that is accessible to employees. If the policy within the Anti-Discrimination Policy folder in any van or truck becomes defaced or unreadable, Defendant shall replace it with another copy of the policy. Within ninety five (95) days after the Consent Decree is entered, Defendant will post

6

the policy, distribute a copy of the policy to each work van and truck, and notify the Commission that the policy has been posted and/or distributed.

9. Within ninety-five (95) days after the Consent Decree is entered, Defendant's President shall prepare, sign, and distribute to employees a letter addressed to Defendant's employees containing the following: (a) a statement that Title VII of the Civil Rights Act of 1964 prohibits discrimination and/or harassment based on race; (b) a statement that Defendant is distributing the letter and policy by agreement with the Equal Employment Opportunity Commission; (c) a copy of the policy described in paragraph 6 *supra*; (d) a statement that any employee who is found to have used racially offensive language or who is found to have engaged in racially offensive conduct shall be subject to discipline, including termination; (e) a statement that any manager or supervisor who fails to take appropriate action in accordance with such policy in response to an employee's complaint of harassment and/or discrimination shall be subject to discipline, including termination; and (f) a statement that no employees will be subject to retaliation for making complaints of discrimination and/or harassment. Defendant shall attach the anti-discrimination policy discussed in paragraph 6 to the above-described letter. Within one hundred (100) days after the entry of this decree, Defendant

7

shall report its compliance with this paragraph to the Commission.

10. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against racial discrimination, harassment, and retaliation in the workplace. Each training program shall also include: (a) an explanation of Defendant's policy referenced in paragraph 6 above, (b) an explanation of the designated manager's responsibility to report harassment complaints to the President referenced in paragraph 7 above; and (c) an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days after submission of the agenda. Within ten (10) business days after

8

completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

11. Beginning within thirty (30) days after the entry of this Consent Decree by the court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, at all of its facilities in a place where it is visible to its employees. Defendant shall also place a copy of the Employee Notice in each work van and truck in the Anti-Discrimination Policy folder. The Anti-Discrimination Policy folder shall be stored in a place in each work van and truck that is accessible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice at the facility or placing another copy of the Notice in the Anti-Discrimination Policy folder. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

12. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after

approval by the court of this Consent Decree. The reports will include the following information:

   A. the identities of all individuals, if any, who have complained either verbally or in writing of unwelcome conduct based on race, including conduct the individual believed to be racial discrimination, harassment, or believed to be a violation of Defendant's policy referenced in paragraph 6 above. The "identity" of the individual should include the individual's name, telephone number, address, and job title;

   B. copies of all written complaints from employees or statements from designated managers that were forwarded to the President pursuant to the terms of paragraph 7;

   C. describe all actions taken in response to the complaint(s) identified in response to 12.B above and identify each person involved in investigating the complaint(s) and taking action on the complaint(s);

   D. for each individual identified in 12.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time) since Defendant was notified of his or her complaint; and

   E. for each individual whose employment status has changed as identified in 12.D. above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 12.A. within seventy-two (72) hours of a request for same by the Commission.

10

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

13. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's facilities, work vans and job sites, interview employees, and examine and copy documents. As part of such review, the Commission may inspect Defendant's facilities, work vans and trucks, and job sites for postings and the placement of the Anti-Discrimination Policy folder pursuant to paragraphs 8 and 11 above without advance notice to Defendant or its attorneys. The Commission may interview employees and copy documents upon two (2) business days' notice to Robin Fitzgibbons by email at hiattandmason@yahoo.com.

14. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

11

15. The term of this Consent Decree shall be for four (4) years from its entry by the Court.

16. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Robin Fitzgibbons, President, at hiattandmason@yahoo.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) business days of the change.

17. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

18. Each party shall bear its own costs and attorney's fees.

19. This court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

                                                /s/   Thomas D. Schroeder
                                                United States District Judge

May 1, 2017

The parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

LYNETTE A. BARNES
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202

YLDA KOPKA
Supervisory Trial Attorney


**/s/ Yolanda W. Brock**
YOLANDA W. BROCK (N.C. Bar No. 36651)
Trial Attorney
Email: yolanda.brock@eeoc.gov
U.S. EEOC Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, N.C. 28202
Telephone: (704) 954-6463 (direct dial)
Facsimile: (704) 954-6412

HIATT & MASON ENTERPRISES, INC., Defendant

**/s/ William J. McMahon, IV**
William J. McMahon, IV
N.C. Bar No. 34097
CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP
100 N. Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-6860
Facsimile: (336) 748-9112
Email: bmcmahon@constangy.com

13

**EXHIBIT A**

[Defendant's letterhead]

[Date]


To Whom it May Concern:

Mr. Bowman was employed by Hiatt & Mason Enterprises, Inc. between March 2014 and March 2016. During his tenure with us, Mr. Bowman held the position of Laborer. His wage rate was $15.00 per hour.

We hope that this information about Mr. Bowman is helpful to you in considering him for employment.

Sincerely,



Robin Fitzgibbons
President
Hiatt & Mason Enterprises, Inc.

14

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MIDDLE DISTRICT OF CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:16CV1429 |
| v. | ) ) | **EMPLOYEE NOTICE** |
| HIATT & MASON ENTERPRISES, INC. | ) ) | |
| Defendant. | ) ) ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Defendant Hiatt & Mason Enterprises, Inc. ("Defendant") in a case alleging racial harassment. Specifically, the EEOC alleged Defendant discriminated against an employee by subjecting him to a racially hostile work environment. Defendant denied those allegations, but as part of a settlement in order to resolve the lawsuit, agreed to pay a settlement amount to the employee and to take other actions set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, disability, or age (40 or older). Federal law also requires that employers provide reasonable accommodation to qualified individuals with a disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Defendant will comply with such federal laws in all respects. Furthermore, Defendant will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination.  To locate the nearest field office, contact:

```
                Equal Employment Opportunity Commission
                         131 M. Street, NE
                        Washington, DC 20507
                        TEL: 1-800-669-4000
                        TTY: 1-800-669-6820
```

This Notice will remain posted for at least four (4) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL:   _____, 2021.